UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-22850-KMW

TONY IBANEZ,

    Plaintiff,

v.

MIAMI-DADE COUNTY, FLORIDA,

    Defendant.
_____

### DEFENDANT'S MOTION TO TAX COSTS
### AND MEMORANDUM OF LAW IN SUPPORT OF BILL OF COSTS

Defendant Miami-Dade County, Florida, by and through undersigned counsel, pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and S.D. Fla. Local Rule 7.3, hereby moves this Court for the entry of an order awarding its costs in the amount of $ 5,467.95, against Plaintiff TONY IBANEZ.

On September 25, 2023 the Court entered Final Judgment in favor of Defendant Miami-Dade County, Florida and against Plaintiff TONY IBANEZ. (ECF No. 69). As the prevailing party, Miami-Dade County, Florida is entitled to recover all taxable costs pursuant to 28 U.S.C. § 1920. Miami-Dade County, Florida seeks $ 5,467.95 from TONY IBANEZ in taxable costs that were incident to, and necessarily incurred for, the adequate defense of this lawsuit, reflected in the attached Bill of Costs. The undersigned counsel declares that all the costs itemized below are correct and necessarily incurred in this action.

## MEMORANDUM OF LAW

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1332 (S.D. Fla. 2009). Miami-Dade County, Florida is entitled to recover its taxable costs as the prevailing party under Federal Rule of Civil Procedure 54(d)(1). The language in Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party which the losing party must overcome. See Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987). Taxable costs include: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; and (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. See 28 U.S.C. § 1920.

Taxation of deposition costs is authorized by § 1920(2). James v. Wash Depot Holdings, Inc., 242 F.R.D. 645, 650 (S.D. Fla. 2007). The Eleventh Circuit Court of Appeals has held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken. See Watson v. Lake County, 492 Fed. Appx. 991, 996–97 (11th Cir. 2012)

(citing EEOC v. W & O, Inc., 213 F.3d 600, 620–21 (11th Cir.2000)). All the deposition transcripts itemized below were necessarily obtained for use in the case.

If copies were necessarily obtained by the prevailing party, the costs are recoverable; if they were obtained merely for the prevailing party's convenience, however, they are not recoverable. Pronman v. Styles, No. 12-80674-CIV, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015). Photocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are all recoverable. Florida Keys Citizens Coal., Inc. v. U.S. Army Corps of Engineers, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005). Defendant seeks to recover the cost for copies of records it obtained from third parties as well as for copies of deposition exhibits prepared as part of the official transcript. These documents were necessary and not obtained merely for the convenience of Defendant.

The following costs were reasonably necessary for the defense of this action:

**Fees for printed or electronically recorded transcripts necessarily obtained for use in the case**

| Date | Name | Amount |
|---|---|---|
| 2-25-2022 | Tony Ibanez | $ 1,649.00 |
| 4-14-2022 | Yvette D. Lindauer | $ 1,236.95 |
| 4-8-2022 | Nicky Latimore | $ 653.30 |
| 5-19-2022 | Daniel Bolline | $ 1,300.95 |
| 5-20-2022 | Arthur Holmes, Jr | $ 466.55 |

**Fees for exemplification and the costs of making copies of any materials necessarily obtained for use in the case**

| Date | Description | Amount |
|---|---|---|
| 2-25-2022 | Tony Ibanez Deposition Transcript Exhibits | $ 31.20 |

| | | |
|---|---|---|
| 3-17-2022 | Antonio Rosado, MD PA Medical Records | $ 130.00 |

A bill of costs and all invoices reflecting charges for the above-referenced costs are attached hereto as Exhibit "A."

**WHEREFORE**, Defendant Miami-Dade County, Florida request that the Court grant this motion and tax costs in the amount of $ 5,467.95 in its favor and against Plaintiff TONY IBANEZ.

DATED: October 4, 2023         Respectfully submitted,

GERALDINE BONZON-KEENAN
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128

By: s/ Leona N. McFarlane
Assistant County Attorney
Florida Bar No. 16501
Telephone: (305) 375-5067
Facsimile: (305) 375-5634
Email: Leona.McFarlane@miamidade.gov

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

s/ Leona N. McFarlane
Assistant County Attorney

## CERTIFICATE OF SERVICE

**I hereby certify** that on October 4, 2023 a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

s/ Leona N. McFarlane
Assistant County Attorney

## SERVICE LIST

| **Counsel for Plaintiff** | **Counsel for Defendant** |
|---|---|
| Caroline H. Miller | Leona N. McFarlane |
| Kyle T. McCdonald | Miami-Dade County Attorney's Office |
| Derek Smith Law Group, PLLC | Stephen P. Clark Center |
| 701 Brickell Avenue, Ste. #1310 | 111 N.W. 1st Street, Suite 2810 |
| Miami, FL 33131 | Miami, Florida 33128 |
| Telephone: 305-946-1884 | Tel: (305) 375-5151 |
| E-mail: caroline@dereksmithlaw.com, kyle@dereksmithlaw.com | Email: Leona.McFarlane@miamidade.gov |