UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22850-Civ-Williams/Sanchez

TONY IBANEZ,

    Plaintiff,

v.

MIAMI-DADE COUNTY, FLORIDA,

    Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION TO TAX COSTS

This matter is before the Court on Defendant's Motion to Tax Costs. ECF No. 70. On September 25, 2023, following a jury trial, Judge Williams entered a Final Judgment, ECF No. 69, in favor of the Defendant. The Defendant now seeks $5,467.95 in taxable costs under 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3. After careful consideration of the motion, the record, and the applicable law, the Defendant's motion is **GRANTED**.

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Eleventh Circuit has held that Rule 54 "creates a presumption in favor of awarding costs to the prevailing party." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Here, Judge Williams entered Final Judgment in favor of the Defendant and against the Plaintiff, making the Defendant the prevailing party in this case.

Under 28 U.S.C. § 1920, a district court may tax as costs the following:

(1) Fees of the Clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

    (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)  Docket fees under section 1923 of this title;

    (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under sections 1828 of this title.

28 U.S.C. § 1920. "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

The Defendant seeks $5,306.75 for costs associated with printed or electronically recorded transcripts, and $161.20 for exemplification and costs associated with making copies, totaling $5,467.95 for the costs it incurred in defending this litigation. *See* ECF No. 70 at 3-4. Having carefully reviewed the motion—and noting that the Plaintiff has failed to object or file any response in opposition to the motion[1]—the undersigned finds that the costs identified in the Plaintiff's motion were for transcripts and copies necessarily obtained for use in this case and are properly taxable pursuant to 28 U.S.C. § 1920 and that the total amount requested is reasonable.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Defendant's Motion to Tax Costs, ECF No. 70, is **GRANTED**. The Defendant is awarded $5,467.95 in taxable costs, plus interest according to law from the date of Final Judgment until the entire amount is paid, for which sum let execution issue.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of March 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record

---

[1] As of the date of this Order, the Plaintiff has neither responded nor sought an extension of time to respond to the Plaintiff's Motion. On this basis alone, the undersigned may deem the Plaintiff's failure to respond "sufficient cause for granting the motion by default." *See* S.D. Fla. L.R. 7.1(c).